# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| COURTNEY EVANS, SR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT ATTORNEY LARRY ) <br> CHISOLM, ZATEKA HARRIS, ) <br> and KIMBERLY A. BROWN-THOMAS ) <br> Defendants. ) | Case No. CV411-063 |

## REPORT AND RECOMMENDATION

Before the Court is Courtney Evans's 42 U.S.C. § 1983 civil rights complaint. Doc. 1. The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 3. He has returned the two forms, doc. 4 & 5, so the case is ready to proceed.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims"

filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Evans, following a recent pattern of cases from his jail, seeks to enjoin what he characterizes as a bad faith criminal prosecution in state court. Doc. 1 at 6 ("To order [Chisolm] to drop these false charges against me . . . [and] order them to release me."). However, "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state criminal proceedings unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and

patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, Evans alleges that defendant Lateka Harris claimed her apartment was broken into, and his own wife turned him in. Doc. 1 at 5. "Which is all lies. It's the reason why I lost my freedom." *Id.* Plus, he has been in jail for ten months without a trial, "they denied preliminary hearing, motion, and my right to a fast speedy trial." *Id.* Nor did he ever receive, much less sign for, a copy of the indictment against him. *Id.* Evans seeks, however, no money damages. *Id.* at 6 ("Relief").

While plaintiff may have pled a bare-bones "*Riverside*" claim,[1] it is moot, *id.*, and he otherwise fails to offer "a 'substantial allegation'

---

[1] If Evans was arrested pursuant to a warrant, his claim that he was not given a preliminary hearing would not be viable under 42 U.S.C. § 1983. *Stephenson v. Gaskins*, 539 F.2d 1066, 1068 n. * (5th Cir. 1976) ("failure to take an arrestee before a magistrate is not a federal constitutional issue"). If he was arrested *without* a warrant, then he was entitled to a prompt, fair and reliable determination of probable cause. *County of Riverside v. McLaughlin*, 500 U.S. 44, 55 (1975); *Sebastian v. Maynard*, 2010 WL 3395040 at * 1 (M.D. Ga. Jul. 12, 2010). Evans pleads no specific grounds for injunctive relief on that score, nor does he seek any damages.

showing actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (footnote omitted). "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977). Nor has Evans pled any of the other exceptions to the *Younger* doctrine.

Instead of running to federal court, Evans should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law."). To that end, the attached state court docket shows that he is being provided a jury trial on April 25, 2011, where he can raise and have heard his federal claims.

---

For that matter, he could not recover damages from the private defendants, against whom he has alleged neither state action nor conspiracy, so they must be dismissed on those grounds alone. *American Federation of Labor and Congress of Indus. Organizations v. City of Miami, FL.*, ___ F.3d ___, 2011 WL 1233628 at *11 (11th Cir. Apr. 5, 2011) (To prevail on § 1983 conspiracy claim, plaintiff must show that agreement between two or more people, at least one of whom is state actor, to violate his constitutional rights resulted in actual violation of those rights). And prosecutor Chisolm, the only other defendant Evans names, is immune. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.")

4

For that matter, to the extent plaintiff seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson* 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such

---

[2] Plaintiff does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Evan's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

a petition would likely be subject to immediate dismissal for lack of exhaustion (for again, he must exhaust his state court remedies first).

Plaintiff Courtney Evans, Sr.'s complaint should be **DISMISSED WITH PREJUDICE**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this __25th__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA



# Chatham County
## Court Case Search System

New Search | Contact Information | Map & Directions | S.O.R.T.

### Case Details

#### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR101993 |
| Case Type: | BURGLARY |
| Judge: | HONORABLE JAMES BASS |
| Style: | State VS EVANS, COURTNEY ANDRE |
| Assistant District Attorney: | DAVID SNEED |
| Date Filed: | 8/20/2010 |
| Status: | ACTIVE |
| Superior Court Fines: | Check for Court Fines |
| Next Event: | 4/25/2011 JURY TRIAL |

#### Defendant Information

| | |
|---|---|
| DIN: | S5001885 |
| Name: | EVANS, COURTNEY ANDRE |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 72 |
| Weight: | 168 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

#### Attorney Information
MICHELLE TAYLOR - 540 East Oglethorpe Ave  Savannah  GA  31401

#### Bondsman Information
N/A

| Charge | Description | Counts | Severity | Charge Date |
|---|---|---|---|---|
| 16-7-1 | BURGLARY | 1 | FELONY | 5/18/2010 |

#### Proceedings

| Code | Date | Time | Action | Judge | Details |
|---|---|---|---|---|---|
| JURY TRIAL | 4/25/2011 | 10:30AM | | HONORABLE JAMES BASS | |
| MASTER LIST FOR WITNESSES | 4/19/2011 | | | | |
| STATES DISCOVERY DISCLOSURE AND DEMAND FOR RECIPROCAL DISCOVERY | 4/14/2011 | | | | STATES DISCOVERY DISCLOSURE/STATES DEMAI DISCOVERY/STATES LIST OF WITNESSES/DEFENI POLICE/STATES DEMAND FOR DEFENDANTS RECI DISCOVERY/STATES DEMAND FOR DISCLOSURE ( IDENTITIES AND INFORMATION/STATES DEMANC STATEMENTS/CERT OF SVC/ |
| PRETRIAL CONFERENCE | 4/14/2011 | 2:00PM | | HONORABLE JAMES BASS | |
| PLEA OF NOT GUILTY | 1/31/2011 | | | | |
| PRETRIAL HEARING | 1/31/2011 | 10:00AM | | HONORABLE JAMES BASS | |
| CALENDAR CALL | 11/1/2010 | 11:00AM | | HONORABLE JAMES BASS | |
| CONSOLIDATED MOTIONS PACKAGE | 9/2/2010 | | | | |
| SCREENING | 8/24/2010 11:50:25 AM | | | | Initial Case Screening / Scanning |

| | | | | | |
|---|---|---|---|---|---|
| MOTION - TO EXAMINE MATERIALS USED BY STATE TO REFRESH MEMORY ETC. | 8/23/2010 | | | | DISMISSAL OF THEFT BY RECEIVING STOLEN PR( |
| ACCUSATION FILED - ENTERED | 8/20/2010 | | | | |
| BOND ORDER | 8/19/2010 | | | | BOND GRANTED 7000.00/ |

New Search

Chatham County Court Case Lookup System
133 Montgomery Street, Savannah, Ga 31401

**Disclaimer**